judgment is now reversed and the cause remanded.

DAVIDSON, Judge (concurring).

The undisputed facts show that this domino hall was a place where persons did bet and wager at a game of dominoes, in violation of Art. 616, Vernon's P.C.

The domino hall, therefore, was not and could not have been a "place where persons are assembled for the purpose of innocent amusement."

An adverse finding on the part of the jury under the charge which Presiding Judge Morrison concludes should have been given—that is, that the domino hall was a place of innocent amusement—would not and could not have changed the undisputed facts showing that the domino hall was a place where people resorted for the purpose of gambling.

The facts are insufficient to support the conviction, and I would reverse the case for that reason.

**Jimmie Sonia BOBBITT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27499.**

Court of Criminal Appeals of Texas.

March 23, 1955.

No attorney on appeal for appellant.

Dan Walton, Dist. Atty., Eugene Brady, Jr., Asst. Dist. Atty., Houston, Leon Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is burglary, with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, 12 years in the penitentiary.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.

**George Lee PARKER**

**v.**

**The STATE of Texas, Appellee.**

**No. 27501.**

Court of Criminal Appeals of Texas.

March 23, 1955.

No attorney on appeal for appellant.

Leon Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

This is a conviction for the offense of forgery; the punishment, seven years in the penitentiary.

The record is before us without bills of exception.

The sheriff testified that appellant admitted to him that he executed the check which was the forged instrument offered in evidence by the state and upon which this conviction was predicated.

The appellant did not testify.

The facts warranted the jury's conclusion of guilt.

The judgment is affirmed.